UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL I. BOLDEN a/k/a Yusuf Abdullah El, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. LOUIS COUNTY CIRCUIT COURT, et al., )<br>)<br>Defendants. ) | No. 4:13-CV-1556-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Darrell I. Bolden (registration no. 16092) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will dismiss the amended complaint as legally frivolous.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $108.00, and an average monthly account balance of $17.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Amended Complaint and Supplements

Plaintiff, an inmate at the St. Louis County Justice Center, seeks monetary relief in this action against defendants St. Louis County Circuit Court and Judge Tommy DePriest, Jr. [Doc. #5]. Plaintiff alleges that defendants are denying him his

3

right to a speedy trial in an underlying state-court case that is pending in St. Louis County.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous, because Missouri courts are not suable entities under § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed,* 529 U.S. 1001 (2000). Moreover, the amended complaint is also legally frivolous as to Judge DePriest, because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States,* 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman,* 435 U.S. 349, 355-57 (1978). For these reasons, this action will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $21.60 within thirty (30) days from the date of this order. Plaintiff is instructed

to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Darrell I. Bolden v. St. Louis County Circuit Court and Judge Tommy DePriest, Jr.*

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of September, 2013.

_____
John A. Ross
UNITED STATES DISTRICT JUDGE